UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT LEE RHINEHART,<br><br>Petitioner,<br><br>v.<br><br>STU SHERMAN, Warden,<br><br>Respondent. | No. 2:13-cv-2645 DAD P<br><br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Petitioner has also filed a motion for a stay and abeyance.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**PRELIMINARY SCREENING**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. As reflected in the Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases, the court may dismiss a petition for writ of habeas corpus at several stages of a case,

including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

## BACKGROUND

On December 23, 2013, petitioner commenced this action by filing a form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Therein, petitioner raises a single claim concerning an allegedly deficient petition for writ of habeas corpus filed on his behalf in state court. Petitioner acknowledges that he did not raise this issue on direct appeal or through a post-conviction motion or petition for writ of habeas corpus filed with the California Supreme Court. (Pet. at 6-7.)

## DISCUSSION

The exhaustion of state court remedies is a prerequisite to the granting of a federal petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

Here, petitioner concedes that he has not presented the sole claim set forth in his federal habeas petition for relief to the California Supreme Court. In addition, although petitioner has filed a motion for a stay and abeyance, he is advised that a stay and abeyance is not available where, as here, the federal habeas petition is wholly unexhausted. See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."). Accordingly, the court will dismiss

/////

/////

/////

the pending petition without prejudice because the single claim contained therein has not been exhausted.[1]

### OTHER MATTERS

Rule 11 of the Federal Rules Governing Section 2254 Cases states that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability should be granted for any issue that petitioner can demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different court, or is "'adequate to deserve encouragement to proceed further.'"  Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).  For the reasons set forth above, the undersigned declines to issue a certificate of appealability in this case.

### CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (Doc. No. 2) is granted;

2. Petitioner's application for a writ of habeas corpus (Doc. No. 1) is dismissed without prejudice;

3. Petitioner's motion for a stay and abeyance (Doc. No. 3) is denied;

4. A certificate of appealabilty is not issued in this action; and

5. This action is closed.

Dated: February 4, 2014

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
rhin2645.103

---

[1] Petitioner has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636.  (Doc. No. 5)